FRANCES L. BUTLER vs. WILLIAM BUTLER, administrator.

No notice to interested parties is required by Rev. Stat. chap. 152, § 2, of an application by an executor or administrator to a court of probate for leave to sell a part of the inventory at private sale under Rev. Stat. chap. 162, § 5.

Decision in *Hodges* v. *Hodges et al.* 9 R. I. 32, reaffirmed, that on money lent interest is always recoverable.

APPEAL from a decree of the Court of Probate of the town of Warwick, allowing the account of William Butler, as administrator upon the estate of Henry Butler, deceased. The facts of the case are stated in the opinion of the court.

*Blake, Payne, B. N. Lapham & Parsons*, for the appellant.

*Bradley, Browne & Van Slyck*, and *James Tillinghast*, for the administrator.

DURFEE, J. The appellant disputes the correctness of many items of the administrator's account. It appears, however, that in August, 1868, shortly after taking her appeal, the appellant agreed with the administrator to settle the disputed items for $500, and that, accordingly, that sum was paid. In making this settlement the appellant had the assistance of skilful and efficient counsel. There is no evidence that it was procured by any fraudulent practice. We think therefore that the appellant ought to be precluded by it from now disputing any item as to the correctness of which she could then have obtained the information which she now has. This excludes from consideration all matters except those which pertain to the payment of the claim of Mrs. Irene Butler, the administrator's mother, and to the sale to her, for that purpose, of fifteen shares of the stock of the Fall River Iron Works Co. Upon these matters the administrator had peculiar means of information, which he was bound to use for the benefit of the estate, and if he has been derelict in duty, we are not disposed to allow him to shelter himself from accountability behind the settlement. He is to be held to the utmost good faith, *uberrima fides*.

Mrs. Butler's claim was a claim for repayment of moneys borrowed from time to time by the intestate. The appellant insists that these moneys were received by way of advancement. Whether they were received as a loan or an advancement is a

.question of fact, and, on the evidence submitted to us, we are of the opinion that they are to be regarded as a loan. It follows that the administrator did right in repaying them.

The appellant contends that if the moneys received were a loan, there was no express contract for interest on it, and that without such express contract the administrator had no right to pay interest. In 1 Am. L. Ca. (4th ed.) 518, it is said : " On money lent, interest, in this country, is always recoverable ; because the defendant has had a use from the plaintiff's money." The law, as thus declared, was recognized as law in this state, in *Hodges* v. *Hodges*, 9 R. I. 32. We therefore allow the charge for interest paid to stand in the account.

It remains to consider the sale of the stock in the Fall River Iron Works · Co.

The appellant claims that the administrator had no right to sell the stock at private sale. The administrator had leave to sell at private sale, but the appellant claims that the leave was ineffectual because no notice was given of the application for it. In the unreported case of *Luther* v. *Martin* (see note at end of this opinion), this court decided, in accordance with the practice which is believed to have generally prevailed in courts of probate, that such a notice was not required. We follow that decision in this case, and hold that the sale cannot be impeached for want of authority to sell at private sale.

It is claimed that the administrator sold at an inadequate price and should be held to indemnify the estate for the loss which it suffered in consequence. We think the administrator is chargeable on this ground. He sold property to pay a debt, when he was under no obligation to pay the debt until six or seven months afterwards. He sold a stock which was paying good dividends in order to pay thus prematurely a debt which was chargeable with interest only at the rate of six per cent. It was a stock not known in the market ; in fact, a stock whose value could not be ascertained except by a stockholder. Yet the administrator sold it when there was other property, the value of which was open to observation, or could have been ascertained on inquiry. The administrator himself had long owned some of the same stock. He must have known from the dividends which he received, and from other knowledge which came to him as a

stockholder, what was its real value. He sold it to his mother, evidently from a wish to retain it in the family. He sold it for $1,650 per share. The price was inadequate, and we cannot resist the belief that he knew it was inadequate. The evidence before us in regard to its real value is meagre compared with what it might be; but judging from the offers received for the stock when advertised, from the estimated value of the company's property, from the dividends paid on it, as disclosed in the testimony, and from the answer given by the treasurer of the company, when asked if he would sell his stock for $2,500 per share, we think the stock was worth $2,000 per share at the time it was sold. We shall correct the account by charging the administrator with it as if sold at that rate.

*Decree accordingly.*

NOTE. — *Jeremiah C. & Mary T. Luther, appellants,* v. *Julia E. H. Martin, executrix,' appellee.* This was an appeal from a decree of the Court of Probate of the town of Warren, granting to Julia E. H. Martin, as executrix of the last will of Hannah F. Jolls, leave to sell all or any part of the inventory of the estate of said Hannah, at public or private sale, the sale if private not to be at less than the appraised value of the articles. The decree was passed September 9, 1872. One reason of appeal, principally relied on, was " because the decree was passed without any notice being given to any person." The appeal was heard by the Supreme Court, in Bristol, March Term, 1873, and the decree of the court below was affirmed.